UNITED STATES DISTRICT COURT
WESTINGN DISTRICT OF NEW YORK

IDELLA M. ABRAM,

        Plaintiff,

v.                                                **ORDER**
                                                    04-CV-441S

CITY OF BUFFALO, et al.,

        Defendants.

        1.     Plaintiff, acting *pro se*, commenced the above-captioned case on June 14, 2004, by filing a Complaint in the United States District Court for the Western District of New York. Plaintiff's Motion to Proceed *in Forma Pauperis* was granted on June 21, 2004.

        2.     On September 28, 2004, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

        3.     On October 7, 2004, this Court filed an Order directing Plaintiff to respond to Defendants' motion on or before October 29, 2004. Plaintiff failed, however, to comply with this Court's Order.

        4.     On January 12, 2005, this Court entered a second Order directing Plaintiff to file her response on or before January 28, 2005, or risk dismissal of her case.

        5.     On January 28, 2005, Plaintiff filed a Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss. By Order entered on February 27, 2005, this Court granted Plaintiff an extension and directed her to file and serve her response by March 18, 2005. Plaintiff did not file a response. Instead, Plaintiff filed a Motion to Appoint Counsel on March 21, 2005.

        6.     It is well settled that unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. Castro v. Manhattan East Suite Hotel,

279 F. Supp. 2d 356, 357 (S.D.N.Y. 2003).  However, a court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e).  See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  According to the Court of Appeals for the Second Circuit,  a district court may consider the following factors in deciding whether to exercise its discretion to appoint counsel:

> (1) whether the indigent's position seems likely to be of substance;
> 
> (2) the indigent's ability to investigate the crucial facts;
> (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
> (4) the indigent's ability to present the case;
> (5) the complexity of the legal issues; and
> (6) any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir.1986)).

The appointment of counsel must be considered carefully, of course, because "every assignment to a volunteer lawyer to an undeserving client deprives a society of a volunteer lawyer available for a deserving cause."  Cooper, 877 F.2d at 172.  Accordingly, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his [or her] chances of prevailing are therefore poor."  Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

This Court has reviewed Plaintiff's Motion to Appoint Counsel in light of the factors set forth in Hendricks and Hodge.  In support of her Motion, Plaintiff states that "[d]ue to

[her] inexperience in civil litigation and practice, counsel should be appointed." (<u>Plaintiff's Affirmation</u>, ¶ 3). Based on its review, this Court finds that there is insufficient information to determine if counsel should be appointed in this case at this time. Plaintiff's request for appointment of counsel is therefore denied. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit on her own. <u>See</u> 28 U.S.C. § 1654.

7.     Plaintiff will be granted a brief adjournment of the deadline to file a response to Defendants' Motion to Dismiss.

8.     For the foregoing reasons,

IT HEREBY IS ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 13) is DENIED.

FURTHER, that Plaintiff shall file with the Clerk of the Court and serve a Response to Defendants' Motion by Friday, May 13, 2005.

FURTHER, that Defendants shall file with the Clerk of the Court and serve any reply thereto on or before Friday, May 27, 2005.

FURTHER, that oral argument on Defendants' motion shall be scheduled by this Court as necessary.

FURTHER, that Plaintiff's failure to file her response as directed will result in this Court granting Defendants' motion as uncontested.

SO ORDERED.

Dated:   April 23, 2005
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge